**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOAQUIN LEON PADIN, | No. 08-16884 |
| Petitioner - Appellant, | D.C. No. 5:99-cv-21172-RMW |
| v. | MEMORANDUM[*] |
| A. A. LAMARQUE, | |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted December 7, 2009
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LUCERO,[**] Circuit Judge.

Petitioner Joaquin Leon Padin appeals the federal district court's denial of

his petition for writ of habeas corpus challenging his state court conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Carlos F. Lucero, Circuit Judge for the Tenth Circuit, sitting by designation.

second-degree murder.  This court has jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm the judgment of the district court.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) allows for habeas relief only if the state court's decision was contrary to or unreasonably applied clearly established federal law as determined by the Supreme Court, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d)(1),(2).

Padin contends that the kite should not have been admitted at trial because it directly implicated him and was not redacted to omit all reference to his identity. Although the Supreme Court in *Bruton v. United States*, 391 U.S. 123 (1968) held that in certain circumstances an admission by a codefendant could not be admitted in a joint trial, in *Richardson v. Marsh*, 481 U.S. 200 (1987), the court indicated that the admission must expressly implicate the defendant.  Here, although the kite referred to Padin's identity and his knowledge of the murder, the kite did not assert that Padin participated in the murder.  The Court of Appeal's determination that the kite did not directly implicate Padin was not unreasonable.

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

2

Padin's second contention alleges that his counsel was ineffective in failing to request a limiting instruction and failing to ask for a curative instruction subsequent to the prosecutor's rebuttal argument which improperly urged the jury to use the kite against Padin. Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), to prevail on a claim of ineffective assistance of counsel, Padin must show that: (1) counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment, and (2) "the deficient performance prejudiced the defense" such that "counsel's errors were so serious as to deprive the defendant of a fair trial . . ." 466 U.S. at 687. Here, Padin's allegations are not supported by the record. Padin's trial counsel objected to the admission of the kite and to the prosecutor's closing statements. Furthermore, the trial court admonished the jury to disregard the prosecutor's comments during her rebuttal argument, reiterating that the kite could not be considered as evidence against Padin. Thus, the Court of Appeal's denial of Padin's claim of ineffective assistance of counsel was reasonable.

**AFFIRMED**.